

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 1:08cr76 |
| ) | |
| RICHARD HENRY ROBINSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

This case is before the Court on Defendant's Motion to Dismiss.

The Defendant was indicted for failure to register as a sex offender under 18 U.S.C. § 2250. On July 27, 2006, the Adam Walsh Child Protection and Safety Act of 2006 was signed into law. Section 141 of the Act contains the Sex Offender Registration and Notification Act, (hereinafter "SORNA"), codified at 18 U.S.C. § 2250, which imposes criminal penalties of up to ten years imprisonment on individuals who are required to register as sex offenders, travel in interstate commerce or have been convicted of certain federal offenses, and knowingly fail to register or update their registration. SORNA requires a person convicted of a sex offense to register, and keep the registration current, in each jurisdiction where the offender resides, works or is a student. 42 U.S.C. §16913(a). A sex offender must register before completing a sentence of imprisonment, or within three days of sentencing if

not sentenced to imprisonment. 42 U.S.C. § 16913(b).

On May 9, 2006, the Defendant was convicted in the Fairfax County Circuit Court of indecent liberties with a minor (child under age 15), in violation of Va. Code 18.2-370(A). On August 11, 2006, the Defendant was sentenced in the Fairfax County Circuit Court to five years of incarceration. The Court suspended four years of that sentence, conditioned upon the Defendant's good behavior and successful completion of five years of active probation.

On August 15, 2006, the Fairfax County Circuit Court entered a Sentencing Order that ordered the Defendant to register with the Department of State Police within ten (10) days from his release of confinement in a state or local correctional facility and the registration be maintained in the Sex Offender Registry established pursuant to § 9.1-900 of the 1950 Code of Virginia, as amended.

On August 15, 2006, the Defendant was released from custody. On August 21, 2006, the Defendant reported to the Probation Office of the Fairfax County Circuit Court. The Defendant received a document entitled, "Sex Offender Program Behavior Contract." Defendant executed this document that he had read and understood the instructions. This document instructed the Defendant to register as a sex offender with the Virginia State Police within ten (10) days of release or placement on probation, re-register within ten (10) days of every change of residence and to

re-register by mail (every 90 days or annually), if no changes of residence.

On August 15, 2006, the Defendant registered as a sex offender with the Commonwealth of Virginia, and on July 25, 2007, renewed his registration and listed a residential address in Fort Belvoir, Virginia, within the Eastern District of Virginia.

On July 31, 2007, the Fairfax Probation Office learned that the Defendant was no longer residing at the address listed in the Virginia Sex Offender Registry. On August 8, 2007, the Fairfax County Circuit Court issued a bench warrant based on the probation officer's report that the Defendant had absconded from supervision.

On or about February 22, 2008, the Defendant was arrested by the United States Marshals Service in Wayne, West Virginia. An investigation conducted by the United States Marshals Service revealed that, between in or about December 2007 and February 22, 2008, the Defendant had been living with his sister and brother-in-law in Wayne, West Virginia.

West Virginia Sex Offender Registry had no records listed for the Defendant.

Pursuant to Va. Code § 9.1-903(D), the Defendant was required to promptly notify Virginia authorities of any change in his residence "whether within or without the Commonwealth." Within ten days prior to taking up residence outside of the Commonwealth of Virginia, the Defendant was required to register in person with the

local law enforcement agency where he previously registered regarding his change of residence and was required to re-register his residence with the Virginia State Police within ten (10) days of any change of residence.

Defendant is a "sex offender" under SORNA as a result of his conviction on May 9, 2006, of indecent liberties with a minor (child under age 15), in violation of Va. Code 18.2-370(A).

Defendant argues that he cannot be required to register under SORNA because Virginia has not fully implemented SORNA. Under SORNA, states will be required to, among other things, register more sex offenders, maintain a more detailed registry, notify the community, and maintain registrations for 15 years. Under SORNA, states have until July 27, 2009 to implement SORNA. See United States v. Gould, 526 F. Supp. 2d 538, (D.Md. 2007); United States v. Pitts, 2007 WL 3353423, slip op. at 8 (M.D. LA. November 7, 2007). Defendant questions whether he can comply with SORNA if Virginia has not yet implemented the expanded requirements of SORNA.

However, as a resident of Virginia, under Virginia law, he was clearly required to register and update his registration as a sex offender prior to SORNA. See Va. Code § 9.1-903. While Virginia may not have yet implemented all SORNA's requirements, it did have a procedure in place for sex offenders like the Defendant to register. SORNA requires that sex offenders register under those

pre-existing state registries. <u>United States v. Gould</u>, 526 F. Supp. 2d 538, (D. Md. 2007)("Although the obligations imposed under SORNA differ from those under Maryland law, [the defendant] had a duty to register his name and address with the Maryland authorities."); <u>Pitts</u>, 2007 WL 3353423, slip op. at 8 (same). The Defendant could have chosen to register and update his registration as a sex offender in Virginia, a duty he was aware of, and thereby complied with SORNA.

The Defendant was able to register under existing Virginia state law as a sex offender, the indictment should not be dismissed on the basis that Virginia has not yet implemented the broader SORNA registration and notification requirements. <u>United States v. Gould</u>, 526 F.Supp.2d 538, (D.Md. 2007)("Maryland's failure to implement SORNA does not preclude prosecution under § 2250(a).")

Defendant further argues that prosecution of him for violating 18 U.S.C. § 2250 would violate the Ex Post Facto clause of the Constitution, as it was not applicable to him on the basis that Virginia has not yet implemented the SORNA registration and notification requirements. The law was applicable to him as the defendant was required to register under Virginia state law.

Furthermore, SORNA does not violate the Ex Post Facto clause by increasing the defendant's punishment. <u>See Pitts</u>, *supra*, slip op. at 7 n. 2 ("Under the reasoning of *Smith* [*v. Doe*, 538 U.S. 84

-5-

(2003)], the reporting requirements and penalty for failure to report are valid due to the fact that they are part of a civil, regulatory regime."). As explained by the court in Gould, SORNA does not increase punishment for a prior offense. 526 F. Supp. 2d 538 at 549 (D. Md.2007). It is only upon the commission of a new offense, that of failing to register, do the enhanced penalties apply.

In Smith v. Doe, 538 U.S. 84 (2003) the Supreme Court considered the "claim that a sex offender registration and notification law constitutes retroactive punishment forbidden by the *Ex Post Facto Clause*," Id. at 92. Smith involved an Alaskan sex offender registration and notification law that required sex offenders convicted prior to the passage of the registration and notification law to register, and the law provided for criminal prosecution if the offender did not register. Id., 89-90. The Supreme Court held that the Alaska sex offender registration law did not violate Ex Post Facto clause because the legislature's intent in passing the law, and the actual effect of the law, was non-punitive. Id., 96, 106.

In this case, SORNA's requirements do not differ in any constitutionally significant way from the requirements of the Alaska registration system whose retroactive application the Supreme Court upheld in Smith v. Doe. Congress in SORNA made clear its purpose to create a regulatory system for tracking and

notifying the public about sex offenders "in order to protect the public from sex offenders," in light of the danger this class of offenders poses to others. See 42 U.S.C. § 16901. Moreover, in § 16913(d), Congress expressly authorized the Attorney General to specify the applicability of SORNA's requirements to sex offenders convicted before its enactment and to prescribe rules for their registration. This is inconsistent with any punitive purpose, since retroactive application of punitive measures would be entirely foreclosed in relation to persons convicted of the predicate sex offenses prior to their enactment.

Changes to Title 18 of the United States Code under SORNA to create § 2250 do provide criminal penalties for failure to register, but so did the Alaska registration system whose retroactive application the Supreme Court upheld in Smith, 538 U.S. at 101-02, and so does every other state sex offender registration program. SORNA's requirements for periodic in-person appearances to provide a current photograph and verify registration information do not imply SORNA is punitive either in intent or effect, because they further the regulatory objective of having accurate and current information regarding the identities, current physical appearances, and locations of sex offenders who have been released into the community.

Other district courts that have considered this issue have rejected Ex Post Facto challenges to SORNA. See, e.g.,

United States v. Gould, 526 F. Supp. 2d 538 at 549; United States v. Madera, 474 F. Supp. 2d 1257 at *1262-64 (M.D.Fla. 2007); United States v. Templeton, 2007 WL 445481 at *5 (W.D.Okla. Feb. 7, 2007); and United States v. Manning, 2007 WL 624037 at *1 (W.D.Ark., Feb. 23, 2007).

The Defendant was required to register and update his registration (and capable of doing the same) in both Virginia and West Virginia. This obligation to register is in no way contingent on a state's implementation of SORNA or the SMART guidelines. The fact that the state had not met all its obligations under SORNA is not essential when determining if the defendant was able to comply with SORNA. See United States v. Utesch, 2008 WL 656066 (E.D. Tenn. 2008); United States v. Adkins, 2007 WL 4335457 (N.D. Ind. 2007)(" It was clearly possible for the Defendant to comply with SORNA, and as such, there is no due process violation." ). The defendant himself proved registration was not impossible by his own act of registering in Virginia. Therefore, SORNA does not violate the Due Process Clause.

Defendant submits that 42 U.S.C. § 16917 requires that the government affirmatively inform offenders as to the duty to register. Defendant alleges that he was not informed about his duty to register under SORNA and, therefore, this prosecution violates his due process rights.

The Defendant's reliance on the proposed SMART guidelines is misplaced. Part of Congress's directive under the Adam Walsh Protection Act was for the Department of Justice to establish an Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking ("SMART" Office). 42 U.S.C. § 16945. As part of its mission, the SMART office developed Proposed Guidelines to interpret and implement SORNA. The Proposed Guidelines, which are published starting at 72 FR 30210-01, 2007 WL 1540410 (May 30, 2007) are not yet implemented (www.ojp.usdoj.gov/smart/proposed.htm). Therefore, they do not apply to this case as they are not yet final. See Yeskey v. Commonwealth of Pennsylvania Dept. of Corrections, 118 F.3d 168, 171 n. 5 (3d Cir. 1997) (ADAAG amendments are not effective until adopted by DOJ).

Assuming, *arguendo,* that the SMART guidelines were to apply to this case, Defendant argues that he cannot be convicted absent the specific notification required under the SMART guidelines. The detail required of an offender after a jurisdiction implements SORNA is much more than currently required under most state laws. The SMART guidelines relied on by Defendant are designed to inform states that they must specifically notify offenders as to the new procedures. In no way do the SMART guidelines suggest that existing state laws should be ignored.

Here, Defendant is not charged with violating a new provision of which he had no knowledge. Furthermore, the <u>Smith</u> case cited by the defendant as support for his view that the SMART guidelines indicate the way a sex offender is to be notified is not applicable. In that case, the court dismissed the indictment because it found the defendant, who had been convicted of a sex offense prior to the enactment of SORNA, was charged before the Interim Order was issued that made it retroactive. <u>United States v. Smith</u>, 528 F.Supp.2d 615 (S.D.W.Va. 2007); <u>See</u> <u>Gould</u>, 526 F. Supp. 2d 538, (D. Md. 2007).

In his argument, the defendant relies on the Supreme Court's decision in <u>Lambert v. California</u>, in which the Supreme Court invalidated a Los Angeles county ordinance for failure to register as a felon as it criminalized "passive" conduct. 355 U.S. 225 (1958). In <u>Lambert</u>, the court examined a felon registration statute and found that it violated the defendant's due process rights because the defendant did not have actual knowledge of her duty to register and that there was no proof of a probability of such knowledge. 355 U.S. at 227-228. <u>Lambert</u>, however, only applies to a defendant who is "wholly passive and unaware of any wrongdoing, is brought to the bar of justice for condemnation in a criminal case." <u>Id.</u> at 228.

Defendant's argument that he failed to receive notice under the reasoning of <u>Lambert</u>, *supra*, is unavailing. Here, Defendant

was notified that he had an obligation to register as a sex offender prior to his release from prison, and in fact, did initially register in Virginia.

Defendant knew when he moved to West Virginia that he was violating Virginia state law when he failed to register and update his registration, as he had previously been notified upon his release from prison of his registration duties. Defendant demonstrated he understood this duty when he initially complied with the law in Virginia. Therefore, he cannot argue that he should have had notice in order to show that he was "unaware of any wrongdoing."

Defendant submits that even if he were subject to SORNA and had the duty to register as a sex offender under the law, Congress unconstitutionally delegated power to another branch of government by granting to the Attorney General under 42 U.S.C. § 16913(d) the authority to promulgate a rule for those offenders unable to register under Title 42, United States Code, Section 16913(b).

Although the doctrine of separation of powers is a fundamental part of the American Government, <u>Mistretta v. United States</u>, 488 U.S. 361, 371-72 (1989), long-standing precedent has held that Congress may give authority to promulgate rules and create law to a party outside the legislative branch as long as it provides an "intelligible principle" to the delegated party.

J.W. Hampton, Jr. & Co. v. United States, 276 U.S. 394, 409 (1928). Congress, in delegating limited rulemaking authority to the Attorney General in Section 16913(d), provided such an intelligible principle to the Attorney General thereby making its delegation constitutional.

All courts which have so far considered this non-delegation argument in connection with constitutional challenges to SORNA have rejected it. See U.S. v. Ambert, 2007 WL 2949476 (N.D. Fla. Oct. 10, 2007); U.S. v. Beasley, 2007 WL 3489999 (N.D. Ga. Oct. 10, 2007); U.S. v. Cardenas, 2007 WL 4245913 (S.D. Fla. Nov. 29, 2007); U.S. v. Elliott, 2007 WL 4365599 (S.D. Fla. Dec. 13, 2007); U.S. v. Gonzales, 2007 WL 2298004 (N.D. Fla. Aug. 9, 2007); U.S. v. Gould, 526 F.Supp.2d 538 (D. Md. 2007); U.S. v. Hinen, 487 F.Supp.2d 747 (W.D. Va. 2007); U.S. v. Howell, 2007 WL 3302547 (N.D. Iowa Nov. 8, 2007); U.S. v. Kelton, 2007 WL 2572204 (M.D. Fla. Sept. 5, 2007); U.S. v. Lovejoy, 2007 WL 2812681 (D. N.D. Sept. 28, 2007); U.S. v. Mason, 510 F.Supp.2d 923 (M.D. Fla. 2007); U.S. v. May, 2007 WL 2790388 (S.D. Iowa Sept. 24, 2007); U.S. v. Pitts, 2007 WL 3353423 (M.D. La. Nov. 7, 2007); U.S. v. Sawn, 2007 WL 2344980 (W.D. Va. Aug. 15, 2007). As the court stated in Hinen, 487 F. Supp. 2d at 751-52, Congress only delegated the authority to the Attorney General to issue a rule covering the limited instance where a person classified as a sex offender under SORNA is unable to currently register -- a

situation which would be rare, but possible since SORNA classified a number of offenses as sex crimes for which some states have traditionally not required registration. Because this delegation is so narrowly tailored, and only applies to those offenders who were not required to register under a previous state statute but whom Congress intended to register under SORNA, such a delegation is permissible. In delegating to the Attorney General in this situation, Congress neither delegated excessive legislative power nor upset the constitutionally mandated balance of powers among the coordinate Branches.

The Attorney General, following Congress's directive under 42 U.S.C. § 16913(d), issued implementing regulations under 28 C.F.R. § 72.1, *et seq*. Defendant argues that the rule is invalid because it was implemented based on the "good cause" exception found in the Administrative Procedures Act ("APA").

Title 5, United States Code, Section 553 addresses rule-making by agencies. Subsection (b) provides that general notice of a new rule should be published in the Federal Register. This subsection does not apply, however, when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest. 5 U.S.C. § 553(b)(3)(B). Subsection (d) states that publication of a substantive rule should be made not

less than 30 days before its effective date except "as otherwise provided by the agency for good cause found and published with the rule." 5 U.S.C. § 553(d)(3).

Here, the Department of Justice ("DOJ") followed the mandates of the APA. The DOJ found, for good cause, that implementing the *interim* rule with prior notice and public comment would be contrary to the public interest.

The Department of Justice announced its finding that delaying implementation was contrary to the public interest. 72 Fed. Reg. 39, 8897. In addition to the necessity of eliminating uncertainty about the applicability of the Act's requirements, the DOJ pointed to the public safety concern, that is, the danger of commission of additional sexual assaults and child sexual abuse or exploitation offenses by sex offenders, in delaying implementation of the rule. 72 Fed. Reg. 39, 8896. This rule was implemented by the DOJ specifically to address the public safety concerns listed and followed the strictures of the APA in implementing this rule.

Defendant asserts that 42 U.S.C. § 16913 is not a valid exercise of Congress' authority under the Commerce Clause.

Here, 42 U.S.C. § 16913(a) provides that "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial

registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence."

Congress did not provide any federal penalty for failure to register in the absence of travel. The only federal penalty is the penalty of section 2250(a), which requires interstate travel.

This statute makes a crime on interstate travel, after failing to register as required and this is constitutional under the Commerce Clause.

Finally, Defendant contends that SORNA may violate the Tenth Amendment because it "forces Virginia to register sex offenders before it has an opportunity to voluntarily comply with SORNA."

§2250 makes it a crime for persons who are required to register, who travel in interstate commerce and fail to register or update their registration. A person convicted of a state sex offense where he must register as a sex offender only comes into §2250's purview when he travels in interstate or foreign commerce. Congress may regulate persons and things in interstate commerce. See United States v. Lopez, 514 U.S. 549 (1995).

SORNA does not create any further obligations on a person who is already obligated to register within a particular jurisdiction. Here, Defendant was obligated to register and update his registration in Virginia. Since he failed to fulfill his obligations and traveled in interstate commerce, federal

jurisdiction is proper under §2250. SORNA criminalizes interstate travel by those persons who are required to register and fail to do so. Contrary to defendant's arguments, SORNA is not forcing state officials to do anything contrary to the Tenth Amendment.

For the foregoing reasons, the Defendant's motion to dismiss should be denied.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
August  19 , 2008